[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 95-2585

----------------------------------------

D. C. Docket No. 94-155-CR-T-25B

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/30/99
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM D. GLOVER, SR.,
WILLIAM D. GLOVER, JR., et al.

Defendants-Appellants.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(June 30, 1999)**

Before EDMONDSON, COX and MARCUS, Circuit Judges.

EDMONDSON, Circuit Judge:

Four defendants appeal their convictions or sentences, or both, for various drug offenses. We affirm all of the convictions and all of the sentences, except for defendant Mattos. We affirm Mattos's conviction; but, because the district court misapplied the Sentencing Guidelines in enhancing Mattos's base offense level, we vacate his sentence and remand for resentencing.

Background

This case is about a drug conspiracy involving four defendants: William Glover Sr., William Glover Jr., Juan Mattos, and James Walsh. Defendants were charged and tried together in one consolidated action.

At trial, the government sought to establish that Defendants were involved in a conspiracy to obtain and sell cocaine: The government alleged that Mattos was the supplier of the drugs, Walsh was a broker, and Glover Sr. and Glover Jr. were couriers, transporting drugs in conjunction with their business, Glover Auto Transport, Inc. To prove its case, the government relied in part on recorded conversations involving Glover Sr., Glover Jr., and an undercover agent, as well as conversations between Walsh and a government informant and between Walsh and another undercover agent. During these conversations, Defendants discussed various drug

2

transactions. The jury found each Defendant guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.[1]

After the verdicts, Mattos made a renewed motion for judgment of acquittal on the conspiracy charge. The district court granted the motion. The government appealed that ruling, and we reversed the district court's order and reinstated the jury's guilty verdict. See United States v. Mattos, 74 F.3d 1197 (11th Cir. 1996).

Then, at Mattos's sentencing hearing, the government sought a two-level increase of Mattos's base offense level because of his alleged aggravating role in the conspiracy, pursuant to U.S.S.G. § 3B1.1(c). Mattos objected to the enhancement, arguing, among other things, that no evidence in the record supported a finding that he had managed or supervised another participant in the criminal activity. But, the court rejected Mattos's arguments and applied the enhancement. The court later decided not to depart upward within Mattos's applicable guideline range and sentenced Mattos to 151 months' imprisonment.

Discussion

_____

[1]In addition, Glover Jr. was found guilty of two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and Walsh was found guilty of attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846.

3

On appeal, Defendants raise many arguments about their respective convictions or sentences or both.[2] Only one claim warrants discussion: Mattos's argument about his aggravating-role enhancement under U.S.S.G. § 3B1.1. Mattos says that the court erred because U.S.S.G. § 3B1.1 requires proof that a defendant managed or supervised another participant in the conspiracy before an offense-level enhancement may be applied and because no such evidence exists in this case.[3] We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines to the facts de novo. United States v. Salemi, 26 F.3d 1084, 1086 (11th Cir. 1994).

Section 3B1.1, "Aggravating Role," provides for a two-level increase in offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved five or fewer participants and was not "otherwise extensive." U.S.S.G. § 3B1.1(c). The commentary to section 3B1.1 provides:

---

[2]Defendants challenge the district court's denial of their respective motions for severance. Glover Sr., Glover Jr., and Walsh challenge the temporary appearance of a recalcitrant government witness at trial. Glover Sr. and Glover Jr. challenge the district court's denial of their joint motion for mistrial. Glover Sr. and Mattos challenge the sufficiency of the evidence supporting their respective convictions. Mattos challenges the court's evidentiary ruling about the admissibility of coconspirators' statements. Mattos and Walsh challenge the district court's determination of the amount of cocaine attributed to them at sentencing. All of these arguments lack merit and are not discussed further.

[3]We accept that Mattos preserved this issue for our review. At sentencing, Mattos argued "Walsh is the manager over the Glovers . . . . [I]f Mr. Mattos is the alleged supplier to this organization, he's nothing more than fulfilling the role of a broker for Walsh. He may be a member of the conspiracy as found, but that doesn't make him a manager. That doesn't make him a supervisor."

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. § 3B1.1, comment. (n.2).

The note makes clear that a two-level increase in a defendant's base offense level under section 3B1.1(c) is proper only if a defendant was the organizer or leader of at least one other participant in the crime, asserting control or influence over at least that one participant.[4] To the extent that our words may have previously indicated that a defendant's management of assets might alone serve as grounds for an increase in base offense level,[5] we now draw the line. We now squarely decide

---

[4]The application note was specifically added by the Commission to clarify the guideline and to resolve a split among the circuits about whether a defendant must manage or supervise other persons to qualify for an enhancement under section 3B1.1. U.S.S.G. App. C., amend. 500 (Effective Nov. 1993).

[5]Some of our decisions that may seem contrary to today's decision occurred before the effective date of application note two. See, e.g., United States v. Carrillo, 888 F.2d 117, 118 (11th Cir. 1989) ("There was sufficient evidence regarding [the defendant's] management of the stash house, receipt of cocaine, and distribution of various allotments of cocaine to others to support a finding that he was an 'organizer' or a 'supervisor.'"). More recently, in United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998), we, while not allowing an enhancement, wrote "to qualify for an enhancement [under section 3B1.1] a defendant must have either been the organizer, leader, manager, or supervisor of one or more other participants, or 'nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.'" Id. at 1260 (quoting U.S.S.G. § 3B1.1 comment. (n.2)).

Also, in United States v. Trout, 68 F.3d 1276 (11th Cir. 1995), we, in a footnote and without detailing all the facts, upheld the district court's application of an enhancement to a defendant convicted of drug offenses. The fact which was material to the court's decision was

that a section 3B1.1 enhancement cannot be based solely on a finding that a defendant managed the assets of a conspiracy. A finding involving just asset management may support only an upward departure.

In this case, the enhancement was based solely on Mattos's control over cocaine. In the PSI, the probation officer stated that the increase was warranted because Mattos "was a supplier of cocaine for the . . . organization, traveling to Columbia to obtain the drugs. [Mattos] maintained control of the drugs while Walsh attempted to set up a buy at [Mattos's] home. Therefore, [Mattos] can be viewed as having management responsibility over the property (drugs) during the course of this offense and a 2 level increase is warranted." And at the sentencing hearing, the

that the defendant was "the chemist in charge of a methamphetamine laboratory[.]" Id. at 1279 n.2. The Trout panel does not explain what that phrase means; and it is unclear whether the panel meant that the defendant was "in charge of," that is, supervised, people at the lab or equipment in the lab or both. We think that the phrase, on its face, would encompass both management of people and management of things. But, given the lack of clarity about the facts, we have looked at the record before the court in Trout, not to contradict the court's opinion, but only to clarify the meaning of its words. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). And, in applying the enhancement to Trout's base offense level, the district court was presented with evidence that Trout supervised another participant: The sentencing judge specifically said, "There's some indication [Trout] even supervised one of the really organizers and managers [Birchfield, a codefendant] during the manufacturing process[.]" In contrast, the present case involves no evidence that Mattos ever managed another participant, but involves an offense-level enhancement based on management of assets only.

Considering the circumstances of the cases before the court in Glinton and Trout, we think the statements in those opinions are in no way binding. And neither of the defendants in those cases raised in their briefs -- and the court did not need to decide directly -- the issue presented by Mattos to us today: whether a district court may properly enhance a defendant's sentence under section 3B1.1 based only on a finding that the defendant managed the assets of a criminal organization.

6

district court judge concluded, "[the government has argued that Mattos] be found to have control of the assets of this organization, [and] I am going to go ahead and find that the cocaine does represent an asset of the organization and that it was under the control of Mr. Mattos and allow the two-point aggravation to stand."

While sufficient evidence exists to support a finding that Mattos managed an asset (the cocaine) of the conspiracy, no evidence (as the government concedes) shows that Mattos exercised control over another participant. And the district court made no finding that Mattos was a manager of people. The district court consequently erred in enhancing Mattos's base offense level under section 3B1.1(c). Therefore, we must vacate Mattos's sentence and remand for his resentencing.

For these reasons, we AFFIRM Defendants' convictions and AFFIRM Defendants' sentences, except for Mattos's sentence. We VACATE Mattos's sentence and REMAND for his resentencing.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.