[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2005
THOMAS K. KAHN
CLERK

No. 05-10582
Non-Argument Calendar

_____

D. C. Docket No. 04-00350-CR-T-27-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS HUMBERTO MAZUERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 17, 2005)

Before ANDERSON, BIRCH  and WILSON, Circuit Judges.

PER CURIAM:

Carlos H. Mazuera appeals his 135-month sentence for conspiracy to possess five kilograms or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 846, and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II). Mazuera claims that: (1) the district court erred under Apprendi v. New Jersey[1] and United States v. Booker[2] when, under an advisory sentencing scheme, it sentenced him based on facts that were neither included in his indictment nor admitted by him when he pled guilty to that indictment; (2) the district court improperly attributed to Mazuera the entire amount of cocaine imported, rather than the amount Mazuera actually possessed; and (3) the district court improperly applied a two-level sentence enhancement for organizing or managing a criminal enterprise under U.S.S.G. § 3B1.1 (2003). We find that the district court did not err and we AFFIRM the sentence.

## I.  BACKGROUND

A federal grand jury returned a two-count indictment against Mazuera and his two codefendants for conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a),

---

[1]530 U.S. 466, 120 S.Ct. 2348 (2000).

[2]543 U.S. ___, 125 S.Ct. 738 (2005).

841(b)(1)(A)(ii)(II) and 846, and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii)(II). Mazuera pled guilty without a plea agreement.

After the change of plea hearing, a presentence investigation report ("PSI") was prepared. According to the PSI, the events leading up to Mazuera's conviction were as follows: An undercover law enforcement officer received a telephone call from a un-indicted Colombian co-conspirator ("UC") who stated he was planning to ship cocaine. The UC named the boat, and the port to which he was shipping the cocaine, and said that 52 kilograms of cocaine would be shipped. He also provided the officer with a document showing the container in which the cocaine was hidden and its location on the ship. When the ship arrived, U.S. Customs seized the cocaine and the UC made arrangements with the undercover officer to have Mazuera pick up 40 kilograms of the cocaine. Later that day, the officer made the arrangements with Mazuera.

On the day of his arrest, Mazuera and his two co-conspirators contacted the officer and advised him that they were near a restaurant. The officer arrived at the restaurant and the defendant and his co-conspirators all went with the officer to the undercover location. Before Mazuera took possession of the cocaine, he discussed the possibility of arranging to sell the remaining cocaine on behalf of the officer

and the UC, but no agreement was reached. After Mazuera accepted the original 40 kilograms of cocaine, he was arrested.

The probation officer calculated Mazuera's base offense level using the entire 51.5 kilograms of cocaine imported, even though Mazuera only accepted 40 kilograms. The probation officer also enhanced Mazuera's sentence by two levels for being a leader or manager under U.S.S.G. § 3B1.1(c).

Mazuera filed several written objections. First, Mazuera argued that his base offense level should be calculated based on only the 40 kilograms of which he actually took possession. Second, Mazuera objected to the fact that his offense level was raised two levels for his role in the offense, arguing that he was not a leader. Finally, Mazuera argued that he had cooperated with the government and so should be awarded the safety valve determination.

At sentencing, Mazuera argued that he had never agreed to transport the additional 12 kilograms of cocaine and so should not be held responsible for them. The government conceded that Mazuera had only agreed to transport 40 kilograms of cocaine. However, according to the government, Mazuera was aware of the additional cocaine, and under U.S.S.G. § 1B1.3, a co-conspirator is responsible for all reasonable and foreseeable acts or omissions of others in furtherance of the jointly undertaken criminal activity. The government contended that the additional

4

cocaine was reasonable and foreseeable. The court overruled Mazuera's objection to being held accountable for the entire amount of cocaine, stating that, given the nature of drug trafficking, the extra amount was foreseeable. R3 at 41-42.

In considering the issue of drug quantity, Mazuera also made a constitutional objection under Booker, stating that the court was impermissibly considering facts that were neither admitted nor indicted. The court also overruled this objection.

Mazuera next objected to the sentence increase for a leadership role, stating that he was just a "mule" and deserved a minor-role decrease instead. The court overruled this objection on the grounds that Mazuera had recruited other individuals, was planning to pay them, and was going to receive more money than either codefendant. Id. at 51. Mazuera raised the safety valve request, but the court overruled it because it was incompatible with his role enhancement. Id. at 51-52.

Based on these rulings, the district court calculated Mazuera's guideline range as 168 to 210 months based on a total offense level of 35 and a criminal history of I. The court sentenced Mazuera to 135 months imprisonment, with five years of supervised release. The minimum sentence under the statute is ten years; the maximum is life.

## II. DISCUSSION

On appeal, Mazuera pursues his constitutional objection under Booker, which he timely raised in the district court.[3] We review his Apprendi/Booker claim on appeal de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). The Court in Booker held that "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005) (emphasis in original). The district court sentenced Mazuera after the Supreme Court's decision in Booker was released, and the record shows that the district court was aware the guidelines were merely advisory. R3 at 17, 20, 61. Consequently, any judicial fact-finding done by the district court was not of the type that implicates the Sixth Amendment. See Booker, 125 S.Ct. 750 (explaining that a defendant has no right to a jury trial with respect to facts relevant for discretionary sentences). Thus, the district court did not commit any Booker error when it found that Mazuera was responsible for 51.5 kilograms of cocaine, or

_____

[3]Mazuera raises no argument that his sentence was unreasonable under Booker. Thus, he has abandoned any such issue thereunder. Rowe v. Schreiber, 139 F.3d 1381, 1382 n. 1 (11th Cir. 1998).

6

when it found that Mazuera was a leader or manager of the group picking up the cocaine.

Mazuera also argues that the district court erred in holding him responsible for the entire 51.5 kilograms of cocaine imported because, given the nature of drug lords and the street value of cocaine, it was not at all foreseeable that he would receive more cocaine than he had contracted to buy. He further posits that, had he received a smaller quantity than contracted, the government would have wanted to calculate his sentence using the greater contracted amount. Mazuera argues that, because the government would not hold a defendant accountable for the received amount in every case, the contracted quantity of drugs is the proper measure for the district court's calculations.

Though Booker has rendered the Sentencing Guidelines merely advisory, the standards utilized to review the application of the guidelines remain the same. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). We review the district court's determination of the quantity of drugs attributable to a defendant for clear error. United States v. Lawrence, 47 F.3d 1559, 1565 (11th Cir. 1995). Section 1B1.3(a)(1)(A) of the Sentencing Guidelines requires a district court to consider as relevant "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Where a

7

criminal enterprise is taken in concert with others, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" must be considered. U.S.S.G. §§ 1B1.3(a)(1)(B).

For instance, the reasonably foreseeable requirement is applied to make an individual who helps unload one shipment of marijuana accountable for that entire shipment and any act or omission in furtherance of the importation of that shipment. U.S.S.G. § 1B1.3, comment. (n.2(c)(3)). Moreover, where a defendant is deeply implicated in a scheme to import drugs, he could have reasonably foreseen a much greater amount of drugs being imported and distributed than the amount he is to receive. See, e.g., United States v. Adams, 1 F.3d 1566, 1580 (11th Cir. 1993).

In this case, the district court found that, because Mazuera was responsible for receiving the bulk of the cocaine at issue, he was deeply implicated in the scheme to import cocaine. R3 at 58-59. Because the value of the cocaine Mazuera was to have received was over $1,000,000, and Mazuera was the direct contact for those importing the cocaine, it was not clearly erroneous for the district court to find that Mazuera was deeply implicated. Additionally, Mazuera need not have been deeply implicated for U.S.S.G. § 1B1.3 to apply. As the Sentencing Guidelines comment suggests, the fact that Mazuera was to take 40 kilograms is

8

sufficient to hold him accountable for the entire quantity. He was aware of the amount imported and was helping to dispose of the shipment. Consequently, the district court did not err when it held that the entire 51.5 kilograms were reasonably foreseeable for Mazuera.

Mazuera next argues that the district court erred in enhancing his sentence by two levels for being an organizer, leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1(c). Mazuera contends that he was not a leader, but a "mule." He further argues that he and his codefendants were equally involved and relied on each other because no one of them alone could pick up the drugs. Consequently, according to Mazuera, all played very minor roles in receiving the cocaine.

We will reverse a district court's determination of a defendant's role in an offense only if it is clearly erroneous. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002) (per curiam). We review a district court's application of its factual findings to the sentencing guidelines de novo. United States v. Glover, 179 F.3d 1300, 1302 (11th Cir. 1999). The Sentencing Guidelines provide that the sentencing court should increase a defendant's offense level by two levels if the defendant was an organizer, leader, manager, or supervisor in any jointly undertaken criminal activity that did not involve five or more participants or was not otherwise extensive. U.S.S.G. § 3B1.1(c). The assertion of control or

9

influence over only one individual is enough to support a § 3B1.1(c) enhancement. United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000). Similarly, evidence that a defendant recruited one individual is sufficient to support a § 3B1.1(c) enhancement. United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004).

The district court did not clearly err in finding that Mazuera was an organizer or manager in this conspiracy. Although Mazuera denies that he recruited one of his co-conspirators, he acknowledges that he requested assistance and offered to pay one of his co-conspirators in exchange for aid in picking up the cocaine. Mazuera suggested the offense and was already involved in it when he invited another individual to join him. That he was the main contact for the boat from Columbia and the individual who was going to make the most profit shows that Mazuera stood in a position of greater responsibility than his codefendants. There was sufficient evidence to support the district court's imposition of a two-level enhancement under U.S.S.G. 3B1.1(c).

## III. CONCLUSION

Because we find that the sentencing court committed no reversible error, for the reasons set out above, we **AFFIRM** Mazuera's sentence.