[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14860
Non-Argument Calendar

_____

D. C. Docket No. 04-00175-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEN NYEMAH BADIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 28, 2006)**

Before TJOFLAT, BIRCH, and MARCUS, Circuit Judges.

PER CURIAM:

Ben Nyemah Badio, a/k/a Kawi Benito Badio ("Badio"), appeals his 78-

month sentence on one count of conspiring to file false income tax refund claims, 18 U.S.C. § 286, nine counts of filing false income tax refund claims, 18 U.S.C. § 287, nine counts of bank fraud, 18 U.S.C. § 1344, and three counts of money laundering, 18 U.S.C. § 1957. Badio had used his tax preparation company, and his brother, Elroy Badio ("Elroy"), who was employed by that company, to file 72 falsified tax returns, all of which illegitimately claimed large fuel tax credits. He then used the returns to secure "Refund Anticipation Loans" from a bank. R1-1 at 2. In this way, Badio's company made false refund claims for $1,309,457.00, resulting in an actual loss to the Internal Revenue Service of $411,290.77. Both Badio and Elroy were indicted for their roles in the offense and pled guilty.

At sentencing, Elroy objected, inter alia, to the probation officer's recommendation that he be sentenced as a leader or organizer, and argued that Elroy's role in the offense was equivalent to his own and that, because he did not recruit his ex-girlfriend as a participant in the offense, she should not be considered in the sentencing calculation. R3 at 13-14. Badio's counsel proferred evidence that Elroy had "attended an H & R Block [tax preparation] school prior to the time that this offense happened." Id. at 14. The district court overruled Badio's objection, stating

> I think that [the aggravating role adjustment] is sustainable . . . [and] that it's appropriate to enhance him two points for his role.

2

And I will tell you, Mr. Badio, you are getting a break. I feel real comfortable I could give you both [the sophisticated means enhancement and the aggravating role adjustment], but I will indicate that the role [adjustment] accounts for all that happened here.

You did supervise your brother. The notion of role is that the scheme has gotten bigger, that it's the kind of scheme you really couldn't have done so well by yourself and it would have been hard for Mr. Badio to recruit into it all.

And the notion also is you brought somebody into your criminal lair and you have gotten other people involved. And so all those things are true.

Id. at 47-48. The district court calculated Badio's total criminal offense level as 22, and his criminal history category as IV, resulting in a Guidelines sentence range of 63-78 months. Id. at 16, 49-50, 63. Although the district court commented that "without the guidelines, I would give you ten years in prison, . . . a lower sentence than I think might otherwise be called for," it understood that Badio had pled guilty with the expectation of a Guidelines sentence, and sentenced him to a term of imprisonment for 78 months, followed by a total of five years of supervised release. Id. at 64-66.

Badio argues that the district court clearly erred in assessing a two level aggravating role adjustment. Specifically, Badio argues that he was not an organizer, leader, manager, or supervisor of another participant in the crime, as required by the Guidelines. Further, he argues that the government failed to sustain its burden of showing by a preponderance of the evidence that the

3

adjustment was appropriate.

"A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . [However, w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985) (internal citation and punctuation omitted).

United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 2004) directs the district court to increase a defendant's offense level by two levels if that defendant was either an "organizer, leader, manager, or supervisor," or any combination of those roles, in a criminal activity that involved less than five participants and was not "otherwise extensive." U.S.S.G. § 3B1.1(a), (c). See United States v. Glover, 179 F.3d 1300, 1302 (11th Cir. 1999) ("a two-level increase in a defendant's base offense level . . . is proper only if [he] was the organizer or leader of at least one other participant in the crime, asserting control

4

or influence over at least that one participant").

In analyzing a defendant's role, the district court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."  U.S.S.G. § 3B1.1, comment. (n. 4).  See United States v. Perry, 340 F.3d 1216, 1217-18 (11th Cir. 2003) (per curiam) (no clear error in imposing the aggravating role adjustment where the defendant "(1) actively recruited two individuals . . . , (2) arranged one of those recruited individuals to [participate in the offense], (3) directly paid at least one of those individuals [for participating in the offense], and (4) was, in turn, paid for his recruitment and supervision of individuals in that . . . conspiracy").  We have specifically held "that a section 3B1.1 [adjustment] cannot be based solely on a finding that a defendant managed the assets of a conspiracy."  Glover, 179 F.3d at 1303 (emphasis added).

In this case, the only evidence that suggests that an aggravating role adjustment would be inappropriate is the fact that Elroy was trained in tax preparation.  The evidence that suggests such an adjustment was appropriate

5

includes the fact that: (1) Badio created the tax preparation company and retained control over the company's assets and accounts; (2) Badio recruited his brother to assist him; (3) Badio gradually explained the scheme to his brother, who took his directions from Badio; (4) Badio took the larger share of the proceeds of the scheme; and (5) the scheme was larger because of the assistance Elroy provided to Badio. Compare United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) (noting that "[n]othing more was required" to justify aggravating role adjustment where defendant had "recruited [a participant] into the plot, prompted him to [participate in the plot], and briefed him on the . . . plan").

Nothing in the record suggests a mistake was committed, and even if we may have decided the question differently, that is not a sufficient basis to reverse. Anderson, 470 U.S. at 573-74, 105 S. Ct. at 1511. The district court committed no clear error, and we affirm.

**AFFIRMED**