[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

No. 08-13781
Non-Argument Calendar

_____

D. C. Docket No. 07-00119-CR-T-26MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALONSO NUNEZ-GUTIERREZ,

Defendant-Appellant.

_____

No. 08-13786
Non-Argument Calendar

_____

D. C. Docket No. 07-00119-CR-T-26MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ERNESTO MONDRAGON-GARCIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____
(June 25, 2009)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Jose Alonso Nunez-Gutierrez and Jesus Ernesto Mondragon-Garcia appeal their 327-month total sentences imposed for conspiracy to manufacture and distribute five kilograms or more of cocaine with intent to import into the United States, in violation of 21 U.S.C. §§ 959, 963, 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction, in violation of 46 U.S.C. §§ 70503(a), 70506(a)&(b), 21 U.S.C. § 960(b)(1)(B)(ii). On appeal Nunez-Gutierrez and Mondragon-Garcia argue that: (1) the district court erred by issuing them three-level role enhancements pursuant to U.S.S.G. § 3B1.1(b); and (2) their high-end of the guideline range sentences are unreasonable. After careful review, we affirm.

We review the district court's factual findings for clear error and its application of the sentencing guidelines to the facts de novo. United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006). We review the ultimate sentence the district court imposes for "reasonableness," which "merely asks

2

whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

First, we reject the appellants' argument that the district court erred by issuing them role enhancements. Pursuant to U.S.S.G. § 3B1.1, a district court may increase a defendant's offense level by three levels if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." Id. at § 3B1.1(b). To qualify for an adjustment under this section, the defendant must have been the manager or supervisor of one or more participants. Id. at § 3B1.1, comment. (n.2). A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Id. at § 3B1.1, comment. (n.1). If a defendant managed or supervised the property, assets, or activities of a criminal organization, but did not manage or supervise another participant, a role enhancement is not warranted. Id. at § 3B1.1, comment. (n.2); United States v. Glover, 179 F.3d 1300, 1302-03 (11th Cir. 1999). To determine whether a crime was "otherwise extensive" the district court must consider "all persons involved during the course of the entire offense." U.S.S.G. § 3B1.1, comment. (n.3) (quotation omitted).

A defendant's subordinate role to another individual does not absolve a defendant's role as a manager or supervisor. See United States v. Jones, 933 F.2d 1541, 1546-47 (11th Cir. 1991). In another drug conspiracy case, we held that a defendant who planned operational aspects of the smuggling effort, made unilateral decisions regarding landing, loading, and timing of trips, and had the responsibility of ensuring that the smuggling venture would succeed warranted a three-level role enhancement. Id. We held that the defendant had a supervisory role in coordinating and managing the delivery and transportation of drugs into the United States. Id. at 1547. We have also attributed a management enhancement to a defendant who hired others to work for the conspiracy, in addition to arranging drug transactions and negotiating sales with others. United States v. Matthews, 168 F.3d 1234, 1249 (11th Cir. 1999).

Here, Nunez-Gutierrez and Mondragon-Garcia do not dispute the number of conspiracy participants or the otherwise extensive nature of the conspiracy. Indeed, as the record shows, both Nunez-Gutierrez and Mondragon-Garcia hired senior level crew members, supervised the distribution of payments, and coordinated the transportation of cocaine through the use of legitimate freight shipping contracts. On this record, the district court did not clearly err by finding that Nunez-Gutierrez and Mondragon-Garcia were managers or supervisors of the

M/V Gatun and its eleven crew members.

We likewise find no merit in the appellants' claim that their high-end of the guideline range sentences are unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). We "expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

"[T]he district court must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). The "sentencing judge is not required to state on the record that it has explicitly considered each of the § 3553(a) factors," but "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. (quotation omitted). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and alterations omitted).

In this case, the district court did not make any procedural errors related to sentencing. The district court properly calculated Nunez and Mondragon's guideline imprisonment ranges and explicitly discussed the § 3553(a) factors during sentencing. Moreover, the court explained that, based on the goals of sentencing, it could have sentenced Nunez and Mondragon to sentences above the guideline range and would have been justified in sentencing them to substantially higher sentences. Additionally, the drug quantity properly influenced the district court's § 3553(a) analysis. The district court correctly noted that Nunez and

6

Mondragon had attempted to import 19.5 tons of cocaine into the United States. In order to consider the need to impose a sentence that reflected the seriousness of cocaine smuggling, promoted respect for the law, provided just punishment for cocaine smuggling, and provided adequate deterrence to drug smugglers, the district court had to consider the amount of drugs in the instant case and the subsequent effects of those drugs. See 18 U.S.C. § 3553(a)(2)(A)-(B). Furthermore, in order for the district court to consider the nature and circumstances of the complex cocaine smuggling conspiracy, it had to evaluate the quantity of drugs involved. See id. § 3553(a)(1). Thus, despite what Nunez and Mondragon argue, the district court had to consider the quantity of drugs involved in order to complete its § 3553(a) analysis.

The district court also imposed a substantively reasonable sentence based on the totality of the circumstances. First, Nunez and Mondragon were managers or supervisors of the freighter smuggling 19.5 tons of cocaine. Second, they were responsible for a quantity of cocaine that was over 100 times more than the minimum amount required for the highest possible base offense level awarded under the sentencing guidelines. See U.S.S.G. § 2D1.1(c)(1). Third, they were involved in one of the largest drug seizures in history. Fourth, the district court could have issued an upward departure based on the cocaine amount but chose not

to. <u>See</u> U.S.S.G. § 2D1.1, comment. (n.16) (stating that an upward departure above offense level 38 may be warranted when the quantity of drugs is "at least ten times the minimum quantity required for level 38"). Based on the circumstances, the district court did not abuse its discretion by issuing sentences at the high end of the guideline imprisonment range.

Accordingly, we affirm both sentences.

**AFFIRMED.**