[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10179
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20627-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS OFFORD,
a.k.a. Head,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2014)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Cornelius Offord appeals his total 27-month sentence for conspiracy to utter counterfeit United States obligations and uttering counterfeit United States obligations, in violation of 18 U.S.C. §§ 371, 472.  On appeal, Offord argues that the district court improperly applied a two-level aggravating-role increase under U.S.S.G. § 3B1.1(c) because the government failed to prove facts to support it.  After review, we affirm.

## I.  STANDARD OF REVIEW

We review for clear error the district court's findings of fact, as well as the district court's determination that a defendant is subject to an aggravating-role increase under § 3B1.1(c).  United States v. Jiminez, 224 F.3d 1243, 1250-51 (11th Cir. 2000); United States v. Glover, 179 F.3d 1300, 1302 (11th Cir. 1999). Clear error review is deferential, and "we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed."  United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotation marks omitted).  The district court's "choice between two permissible views of the evidence" as to the defendant's role in the offense will rarely constitute clear error "[s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." United States v. Stanley, 739 F.3d 633, 653 (11th Cir.), cert. denied sub nom.,

2

Harris v. United States, 134 S. Ct. 2317 (2014) (quotation marks omitted)

(involving a denial of a minor-role reduction under U.S.S.G. § 3B1.2).

## II.  GENERAL PRINCIPLES FOR § 3B1.1 ROLE INCREASE

Under § 3B1.1, a defendant's offense level is increased by four levels if he

was an "organizer or leader of a criminal activity that involved five or more

participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  If the defendant

was a "manager or supervisor (but not an organizer or leader)" then the increase is

three levels.  Id. § 3B1.1(b).

However, "[i]f the defendant was an organizer, leader, manager, or

supervisor in any criminal activity" that involved fewer than five participants and

was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b), then the

increase is two levels.  Id. § 3B1.1(c).  A defendant's assertion of control over only

one other participant is sufficient to sustain a § 3B1.1(c) two-level increase.

Id. § 3B1.1, cmt. n.2; Glover, 179 F.3d at 1302.

Factors considered in assessing a defendant's role include "the exercise of

decision making authority, the nature of the participation in the commission of the

offense, the recruitment of accomplices, the claimed right to a larger share of the

fruits of the crime, the degree of participation in planning or organizing the

offense, the nature and scope of the illegal activity, and the degree of control and

authority exercised over others."  U.S.S.G. § 3B1.1, cmt. n.4.  These factors are

"merely considerations for the sentencing judge," and need not all be present. United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation marks omitted).

At a minimum, to impose an aggravating-role increase, "there must be evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." Id.; U.S.S.G. § 3B1.1, cmt. n.2. The government has the burden to prove the defendant's aggravating role by a preponderance of the evidence. Martinez, 584 F.3d at 1026-27.

### III.  OFFORD'S ROLE

Here, in Offord's sentencing, the district court did not clearly err in applying a two-level role increase pursuant to § 3B1.1(c). According to undisputed facts in his presentence investigation report ("PSI"), Offord and two codefendants, Terricka Randolph and Gina Josaphat, were involved in a scheme to use counterfeit Federal Reserve Notes ("FRNs") to purchase items at Target stores, which they then would return to different Target stores for genuine U.S. currency. During the investigation, codefendant Josaphat gave a sworn statement that Offord recruited her into the counterfeiting scheme, gave her counterfeit FRNs, and instructed her on how to use them at Target stores to obtain U.S. currency. Codefendant Josaphat also said that, when she bought $1,000 worth of Target items, Defendant Offord gave her $300 in genuine currency as payment.

4

At the sentencing hearing, United States Secret Service Agent Earl Kornickey testified that, as part of an earlier counterfeiting investigation of Defendant Offord, he interviewed Randolph, and she admitted that Offord recruited her into that counterfeiting scheme because he believed that women were less likely to get caught. Randolph also told Agent Kornickey that Offord taught her how to commit the counterfeiting scheme. Agent Kornickey confirmed that, when he interviewed Josaphat as part of the instant investigation, she also said that Offord recruited her to participate in a counterfeiting scheme and explained the scheme to her.

Given the indicia of reliability, the district court properly relied upon Agent Kornickey's hearsay testimony about codefendants Randolph's and Josaphat's statements. See United States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005). Specifically, Randolph's and Josaphat's statements to Agent Kornickey were consistent with each other and with the undisputed facts in the PSI. Further, Agent Kornickey was subject to cross-examination at the sentencing hearing.

Although at sentencing Offord's counsel argued that Randolph and Josaphat were the ones who first approached Offord about the counterfeiting scheme, Offord presented no evidence to support this claim. An attorney's factual assertions, alone, do not constitute evidence upon which a sentencing court can rely. See United States v. Rodriguez, 732 F.3d 1299, 1305 (11th Cir. 2013).

5

Accordingly, the district court did not commit clear error when it credited Agent Kornickey's unrebutted testimony.

In short, the government's unrebutted evidence showed that Defendant Offord: (1) approached his codefendants and invited them to become involved in a counterfeiting scheme; (2) provided them with the counterfeit obligations and taught them how to perform the scheme; and (3) kept the lion's share of the proceeds for himself after his codefendants completed the purchases and returns at Target stores. Further, Defendant Offord's recruitment and instruction demonstrated the necessary degree of control, influence, or decision-making authority over Randolph and Josaphat necessary to qualify for an aggravating-role increase pursuant to § 3B1.1. See, e.g., United States v. Caraballo, 595 F.3d 1214, 1231-32 (11th Cir. 2010) (affirming application of a four-level role increase where the defendant, among other things, recruited another participant and gave instructions on how to commit the drug-smuggling crime); United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006) (affirming the application of a four-level role increase where the defendant recruited and instructed others in an immigration-fraud conspiracy); United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) (affirming application of a two-level role increase where the defendant recruited another participant into a terrorism plot, prompted him to purchase weapons, and briefed him on a bombing plan).

6

For these reasons, the district court did not err in applying U.S.S.G.

§ 3B1.1(c)'s two-level aggravating-role increase.  Accordingly, we affirm Offord's

27-month sentence.

**AFFIRMED.**