[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12391

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PEDRO SANTACRUZ,
a.k.a. Red,
a.k.a. Pedro David Santacruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:21-cr-00304-LMM-JEM-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Pedro Santacruz appeals his 192-month sentence imposed upon his guilty plea and conviction for conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846.  On appeal, Santacruz argues that the district court: (1) erred in calculating the quantity of drugs for which he was responsible, and, consequently, in setting his base offense level at 38; (2) erred in applying a firearm enhancement; (3) erred in applying an aggravating role adjustment; and (4) imposed a substantively unreasonable sentence.  The government responds that any error in imposing Santacruz's sentence was harmless.  After careful review, we affirm in part and vacate and remand in part.

**I.**

We review for clear error a district court's factual findings as to the drug quantity attributable to a defendant, as well as its findings as to the defendant's role in the offense.  *United States v. Dixon*, 901 F.3d 1322, 1347 (11th Cir. 2018).  We also review a district court's factual findings as to a firearm enhancement for clear error.  *United States v. Carillo-Ayala*, 713 F.3d 82, 87–88 (11th Cir. 2013).  While a defendant's role in an offense is a factual finding that we review for clear error, we review *de novo* the district court's

application of the Guidelines to those facts. *United States v. Njau*, 386 F.3d 1039, 1041 (11th Cir. 2004).

## II.

First, we are unpersuaded by Santacruz's claim that the district court erred in setting his base offense level because it miscalculated the quantity of methamphetamine for which he was responsible. The government must establish drug quantity by a preponderance of the evidence. *United States v. Reeves*, 742 F.3d 487, 506 (11th Cir. 2014). When the amount of drugs that was seized does not reflect the scale of the offense, the district court must instead approximate the quantity of drugs that is attributable to the defendant. *Dixon*, 901 F.3d at 1349. In doing so, it is permissible for the district court to rely upon evidence that demonstrates the average frequency and amount of the defendant's drug sales over a given period. *Id.* This determination can be based on fair, accurate, and conservative estimates, but it cannot be based on calculations that are merely speculative. *Id.*

When sentencing a defendant who was a member of jointly undertaken criminal activity, the district court may consider the conduct of others that was in furtherance of the jointly undertaken activity and reasonably foreseeable in connection with that activity. *Id.* Before doing so, the district court must determine the scope of activity that the defendant agreed to jointly undertake. *Id.*

Here, the record reflects that the government amply explained the methodology it used to calculate the drug quantity attributable to Santacruz. In its calculations, the government

included tests of the shipments it seized, combined with the recorded package weights of additional shipments that Santacruz was responsible for -- based on Santacruz's sales to an undercover officer, possession of a drug transaction ledger that included descriptions of drug quantities and transactions, and admissions that he assisted in transporting drug money across the border into Mexico -- but were not seized.  Using this information, the government created a conservative estimate of the total drug weight of the additional shipments, and calculated Santacruz's drug quantity to be 18.4 kilograms.

On this record, it was not clear error for the district court to find that the government's methodology established by a preponderance of the evidence that Santacruz was responsible for at least 4.5 kilograms of methamphetamine.  Nor was it clearly erroneous for the district court to find that Santacruz assisted in coordinating the additional drug shipments that were not facilitated by the undercover officer.  Accordingly, the district court did not err in assigning to Santacruz a base offense level of 38.

### III.

We also find no merit to Santacruz's claim that the district court erred in applying a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).  A defendant receives a two-level enhancement where "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1).  The government bears the initial burden of showing through a preponderance of the evidence that a firearm was present at the site of the charged conduct or that the

defendant possessed the firearm during conduct that was associated with the offense. *United States v. George*, 872 F.3d 1197, 1204 (11th Cir. 2017). To do so, the government must demonstrate that the weapon had a purpose or effect concerning the charged crime and that its presence was not a mere accident or coincidence. *Id.*

To negate the application of the enhancement, the defendant must show that it was "clearly improbable that the weapon was connected with the offense." *Carillo-Ayala*, 713 F.3d at 90 (quotations omitted). Whether a weapon is inside a locked container may be relevant to negate a connection, but there is a strong presumption that a defendant who is aware of the weapon's presence will consider using it if his illegal activities -- like drug trafficking -- are threatened. *Id.* at 92. A firearm's close proximity to drugs or drug-related items has the potential to facilitate the drug offense. *Id.* But where a firearm is found in a residence and there is no evidence that any activities related to the drug conspiracy took place at the residence, it is improper to apply an enhancement under § 2D1.1(b)(1). *United States v. Stallings*, 463 F.3d 1218, 1220–21 (11th Cir. 2006).

Here, the district court did not err in applying the § 2D1.1 enhancement. As the record reveals, Santacruz's firearm was found in a safe inside the room in which he also kept his drug ledger. The district court found that based on the circumstantial evidence -- including Santacruz's ledger, his admissions that he used his backyard to transport drug money into Mexico, and his transactions with the undercover officer -- Santacruz's room was

used to store drug proceeds and, moreover, a site of his charged conduct. Further, the district court found that the gun was loaded, a fact that Santacruz concedes.

In short, the district court did not clearly err in finding that the gun was stored in close proximity to where drug proceeds were stored, and Santacruz has not shown that it was clearly improbable that the gun was connected with the charged offense. *See Carillo-Ayala*, 713 F.3d at 92. Thus, the district court did not err in applying the firearm enhancement.

## IV.

Santacruz next argues that the district court erred in applying an aggravating role adjustment under § 3B1.1. A defendant can be eligible for a two-level adjustment under U.S.S.G. § 3B1.1 if he was an "organizer, leader, manager, or supervisor" of the charged criminal activity. U.S.S.G. § 3B1.1(c). Importantly, however, a defendant must have exercised control over at least one other individual to receive an adjustment under § 3B1.1; merely controlling assets alone is insufficient to warrant the adjustment. *United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010) ("It is clear that control over assets alone is insufficient, the individual must have had control over at least one other participant in the criminal activity."); *United States v. Glover*, 179 F.3d 1300, 1302–03 (11th Cir. 1999) ("To the extent that our words [in earlier cases] may have previously indicated that a defendant's management of assets might alone serve as grounds for an increase in base offense level, we now draw the line. We now squarely decide that a [§] 3B1.1

enhancement cannot be based solely on a finding that a defendant managed the assets of a conspiracy.") (footnote omitted).

Nevertheless, an error in calculating the sentencing guidelines is harmless, and we need not review it, if (1) the district court states that it would have imposed the same sentence, even absent the alleged error, and (2) the sentence is substantively reasonable. *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022). "Our rationale for this policy is to avoid pointless reversals and unnecessary do-overs of sentence proceedings." *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020) (quotations omitted). In other words, "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court [because of an error in calculating the Sentencing Guidelines range] since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *Grushko*, 50 F.4th at 18 (quotations omitted).

Here, the district court erred in applying a § 3B1.1 aggravating-role adjustment to Santacruz's sentence. As the record makes clear, the district court applied the adjustment based *only* on Santacruz's management of drug proceeds. Specifically, when the government argued that the enhancement applied because he was "supervising his father in a drug organization and managing how that occurs," the district court disagreed. It said that it "really did not know" whether Santacruz was telling his father what to wear or what to do and that it would not "reach a finding" to that effect. It expressly added that Santacruz was *not* "kind of in charge of all this"

because "there w[ere] some people in Mexico that were very involved." Instead, the court squarely found -- many times over -- that Santacruz was "the person that was in charge of collecting the money and sending it back to Mexico" and "was coordinating the way that the money would be received and dealing with all of that"; that he "was in charge of the money" and "was the money guy . . . that's what his role was here"; that he kept ledgers to do so; and, in summary, that it was established by a preponderance of the evidence that Santacruz had "management responsibility over the property, assets or activities of a criminal organization."

As these comments reveal, the court did not make a finding that Santacruz exercised management control over his father (co-conspirator Carlos Santacruz) or any other individual in the drug conspiracy, and based the adjustment solely on Santacruz's role as the "money guy." Although management over assets may warrant an upward departure, the district court did not apply a departure; to the contrary, it sentenced Santacruz to a below-guidelines sentence. *Glover*, 179 F.3d at 1302; U.S.S.G. § 3B1.1, comment. (n.2). Thus, because the district court applied a two-level adjustment based on Santacruz's management of assets alone and did not find that Santacruz exercised management control over any members of the charged criminal activity, the court erred in applying the § 3B1.1 adjustment. *Jennings*, 599 F.3d at 1253.

Further, we do not agree with the government that the error was harmless. At the sentencing hearing, the district court

equivocated as to whether it would have imposed the same sentence if it had sustained Santacruz's objections. It said:

> I don't typically say this, but I will here because I thought long and hard about the objections and the ultimate sentence that I did impose. And I don't always say that I *probably* would have imposed the same sentence if I had overruled some of the objections, but I think here it is true that I *likely* would because I did deviate so below the Guidelines. I think if the Guidelines had been lower based on some of these rulings, I still was looking at what you actually did and your role in this offense. So, *I don't believe* that the sentence would have been any lower if those guidelines had gone in a different way. But that's just my perspective of what I've done here.

The district court's use of "probably," "likely," and "I don't believe" do not appear to be clear statements that the district court would undoubtedly impose the same sentence upon remand if the aggravating role enhancement was removed.

This reading is supported by the district court's treatment of Santacruz's request for safety valve relief. Under § 5C1.2(a) -- the "safety valve" provision -- a district court may impose a sentence in accordance with the applicable guidelines without regard to any statutory mandatory minimum sentence, if the court finds that a defendant meets certain criteria. U.S.S.G. § 5C1.2(a). Relevant here, safety valve relief is not available where a defendant

"possess[ed] a firearm or other dangerous weapon . . . in connection with the offense"; was "an organizer, leader, manager, or supervisor of others in the offense"; or did not "truthfully provide[] to the Government all information and evidence" he has about the offense. *Id*. § 5C1.2(a).

At the hearing, the district court found that Santacruz was not eligible for safety valve relief due to its application of the aggravating role adjustment. It then addressed whether Santacruz would nonetheless retain safety valve eligibility in spite of receiving a firearm enhancement under § 3D1.1, in the event that our Court, on appeal, were to reverse the aggravating role adjustment and order a remand. Instead of answering the issue, the district court withheld ruling, noting that in that event, it would need to hold a "full argument" before deciding Santacruz's possible eligibility for safety valve relief, and that it was "not reaching that issue today."

On this record, we cannot say that the district court's error in imposing the aggravating role enhancement was harmless. The court did not squarely rule that it would impose the same sentence if the enhancement were overturned, but rather used words that equivocated or hedged about its decision in that eventuality. It also recognized that if the role enhancement were reversed, it would need to make additional findings as to Santacruz's sentence before determining whether he was eligible for safety valve relief.

Accordingly, because we cannot hold the district court's error as harmless, we vacate the district court's decision and remand for further proceedings. We need not reach Santacruz's argument

that his sentence was substantively unreasonable nor need we reach Santacruz's argument as to his eligibility for safety valve relief, especially since the district court said that it would hear arguments on that issue upon remand. We affirm, however, as to Santacruz's base offense level and firearm enhancement under § 3D1.1.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**