[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15932
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00027-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTONIO DEWAYNE MATTOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 10, 2010)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Santonio Dewayne Mattox appeals his 84-month sentence, which the district

court imposed after varying upward from Mattox's advisory guidelines range of 33 to 41 months. Mattox contends that his sentence is procedurally and substantively unreasonable. Under the specific, and somewhat unusual, facts of this case it is impossible to determine the basis for the district court's decision to impose a substantial upward variance from the guidelines range. Because the district court did not adequately explain Mattox's sentence, we vacate and remand for resentencing so that the procedural error can be corrected.

## I.

Mattox entered into a plea agreement with the government and later pleaded guilty to two counts of using a telephone to conspire to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 843(b), and 846. At Mattox's change of plea hearing in September 2009, the government explained to the district court that there was an error in Count Two of the information, which had charged Mattox with using a telephone to unlawfully conspire with intent to distribute "cocaine base, also known as crack cocaine." The district court offered to amend the information by striking out the word "base." The parties agreed that the charges against Mattox involved powder instead of crack cocaine.[1] The court

---

[1]There was never any doubt that Count One, which also charged Mattox with using a telephone to conspire to commit a drug offense, involved powder cocaine.

accepted that as a fact and asked Mattox if he understood Count Two. Mattox stated that he did. Mattox also agreed that the facts stipulated in the plea agreement were true and that for purposes of sentencing he would be held accountable for 60 grams of powder cocaine. The district court accepted Mattox's guilty plea and later entered judgment against him for two counts of violating 21 U.S.C. § 843(b).

About two months after the change of plea hearing, the district court held a sentence hearing. During that hearing, Mattox's counsel stated that the defense had no objections to the pre-sentence investigation report, which set Mattox's base offense level at 16 under U.S.S.G. § 2D1.1(c)(12) based on his accountability for 60 grams of cocaine. Mattox received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) & (b), making his total offense level 13.[2] Mattox's counsel pointed out to the court that Mattox's guidelines range was 33 months to 41 months and that the government had filed a motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1.

---

[2]The PSR also stated that Mattox qualified as a career offender under U.S.S.G. § 4B1.1, which provided that, because the statutory maximum term of imprisonment for his underlying offense of conviction was 4 years, his offense level was 12, which would then be lowered based on acceptance of responsibility. See U.S.S.G. § 4B1.1(b)(G). The offense level for a career offender, however, is either the offense level from the table in § 4B1.1(b) or the otherwise applicable offense level, whichever is greater. See id. § 4B1.1(b). In Mattox's case the otherwise applicable offense level (13) was higher, so it applied.

The district court acknowledged the guidelines range and Mattox's criminal history category, which was VI because he was a career offender. The court accepted the PSR and imposed a sentence of imprisonment, with this explanation:

> The pre-sentence report has been prepared, filed, considered, and accepted. Mr. Maddox is adjudicated guilty of Counts One and Two of the superseding information.
>
> The sentencing guidelines have been considered and taken into account, and the Court has calculated and announced the guideline sentencing range, the offense level. The Court has considered the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
>
> The Court has reviewed the guideline range in your case, Mr. Mattox, as well as the guideline range of your co-defendants. <u>One of your codefendants committed similar criminal conduct</u>, had a less severe criminal history category, and the advisory sentencing guideline range was calculated to be 84 to 96 months. Therefore, I have elected to consider a variance in your case.
>
> I have determined a term of imprisonment of 96 months will be appropriate[;] however, considering the government's motion for sentence reduction for substantial assistance pursuant to U.S.S.G. [§] 5K1.1 and 18 U.S.C. [§] 3553(e), you are committed to the Bureau of Prisons for a period of 42 months on each count to be served consecutively for a total imprisonment of 84 months.

Doc. 208 at 171–72 (emphasis added).

One of Mattox's codefendants, Nathaniel Bell, had been sentenced by the same district court judge, on the same day, just a few minutes before Mattox. The record indicates that Bell was the person the district court had in mind when it

4

referred to Mattox's codefendant who "committed similar criminal conduct, had a less severe criminal history category" than Mattox did, and had a guidelines range of 84 to 96 months.[3]

Bell's PSR[4] shows that he pleaded guilty to two counts of using a telephone to commit a drug trafficking offense, in violation of 21 U.S.C. § 843(b) and that Bell had stipulated in his plea agreement that he was accountable for 49 grams of crack cocaine. As a result, Bell's base offense level was 28 under U.S.S.G. § 2D1.1(c)(6). Bell received a three-level reduction for substantial assistance to the government, making his total offense level 25. Applying Bell's category IV criminal history, the PSR calculated Bell's guidelines range as 84 to 105 months. There was a 48-month statutory maximum for each count, however, which made Bell's guidelines range 84 to 96 months. Mattox was convicted of the same offense as Bell, except that Mattox's crime involved powder cocaine, which has a lower base offense level than the levels set for crack cocaine crimes. Compare U.S.S.G. § 2D1.1(c)(12), with id. § 2D1.1(c)(6). Bell had a higher guidelines range than Mattox because Bell's crime involved crack.

---

[3]Mattox had seven other codefendants, three of whom were convicted of using a telephone to commit a drug trafficking offense in violation of 21 U.S.C. § 843(b), but they received sentences ranging from 12 to 48 months imprisonment. Only Bell had a guidelines range of 84 to 96 months.

[4]The record in this case was supplemented with Bell's PSR.

During Bell's sentence hearing, which was just before Mattox's, counsel for Bell told the district court that Bell had been an employee of the City of Macon, Georgia for four years.[5] Counsel stated that the two counts against Bell were based on two phone calls about drugs, and during one call Bell specifically requested "two rocks of crack cocaine." Counsel commented that the government had filed a motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1, and he asked the court to sentence Bell "at the bottom of the guidelines of whatever the 5K reduction is."

The district court found that, based on the evidence presented, Bell had "been a good employee for the city" and had "provided commendable service to [his] employer and the public." The court noted Bell's criminal history category of IV and the fact that he had three prior convictions that included possession with intent to distribute cocaine, selling cocaine, possession with intent to distribute phenobarbital, and possession of a firearm by a convicted felon. The court mentioned that Bell's guidelines range was 84 to 96 months, and defense counsel agreed that was correct. Then the court imposed this sentence of imprisonment on

_____

[5]We take judicial notice of the district court's record of Bell's sentence hearing. See United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); see also Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

6

Bell:

> Having considered the government's motion for sentence reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), I depart downward and commit you to the Bureau of Prisons for a period of 36 months on each count, to be served consecutively, for a total term of 72 months.

Thus, Bell had been sentenced to 12 months below the low end of his guidelines range, which was also 12 months below the 84-month sentence imposed on Mattox, who was sentenced to 43 months more than the high end of his guidelines range.

## II.

We review a defendant's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 594 (2007). Under that standard, "we will reverse only if we find that the district court has made a clear error of judgment." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted). First we must "ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51, 128 S.Ct. at 597.

When sentencing Mattox, the district court stated that it was considering the need to avoid unwarranted sentence disparities. It also stated that it was

7

considering Mattox's guidelines range in relation to Bell's, observing that Bell had "committed similar criminal conduct, had a less severe criminal history category," and had a guidelines range of 84 to 96 months.

There are two gaps in the district court's explanation of Mattox's sentence in relation to Bell's. First, Bell pleaded guilty to a crime involving crack cocaine, unlike Mattox, who pleaded guilty to a powder cocaine crime. Especially given the confusion about the charge against Mattox, it is not clear from the record that the district court recognized that Bell's crime was under most standards worse (crack instead of powder) than Mattox's and took that difference into account when it increased Mattox's sentence in light of Bell's. The court's statement that the two had committed "similar criminal conduct" may indicate that it either thought Bell's crime had involved powder cocaine or that Mattox's crime had involved crack, either of which would have been a mistake.

The second explanation gap arises because the district court had varied downward when it sentenced Bell, going below his guidelines range of 84 to 96 months and sentencing him to 72 months. In light of that downward variance, it is not clear from the record how varying upward to sentence Mattox to 84 months would accomplish the district court's purpose, which it described as "the need to avoid unwarranted sentence disparities among defendants with similar records

8

who have been found guilty of similar conduct."

Those explanation gaps amount to a procedural error in Mattox's sentence. See Gall, 552 U.S. at 51, 128 S.Ct. at 597. Although the district court was not required to "recite a laundry list of the § 3553(a) factors," United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005), or "compose a doctoral thesis to explain" the sentence, United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010), more of an explanation of the variance from the guidelines range was necessary in this case in light of some of the ambiguities and contradictions revealed by the record. See Gall, 552 U.S. at 51, 128 S.Ct. at 597.

We cannot tell if the district court took into account any guidelines sentencing disparity between Mattox's powder cocaine offense and Bell's crack cocaine offense when it found that codefendant Bell had "committed similar criminal conduct." If the court concluded that Bell and Mattox's sentences should be adjusted to account for unwarranted sentencing disparities between crack and powder cocaine offenses, that decision would not necessarily have constituted an abuse of discretion. See Kimbrough v. United States, 552 U.S. 85, 110, 128 S.Ct. 558, 575 (2007) ("[I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in

9

a mine-run case.").[6]  In the present case, however, the district court did not indicate that the crack/powder disparity played any part in its sentencing decision and did not seem to focus on how the particular circumstances of Mattox's powder cocaine case could result in a sentencing disparity when compared to Bell's crack cocaine case.  Cf. id. at 111, 128 S.Ct. at 576 ("[I]n determining that 15 years was the appropriate prison term, the District Court properly homed in on the particular circumstances of Kimbrough's case and accorded weight to the Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with § 3553(a).").

Adding to the confusion is the error in the information charging Mattox with an offense involving crack instead of a powder cocaine.  That error was verbally corrected at Mattox's plea hearing when the government told the district court that his offense involved powder even though the indictment referred to

---

[6]Kimbrough involved a district court's determination that a guidelines sentence for a crack cocaine offense was too harsh in light of the disparity between sentences for crack and powder cocaine.  See Kimbrough, 552 U.S. at 91, 128 S.Ct. at 564 (explaining that a district court may find that a guidelines sentence for a crack cocaine offense is "'greater than necessary' to serve the objectives of sentencing," and "[i]n making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.") (citing 18 U.S.C. § 3553(a)).  Following the logic of Kimbrough, however, a district court might also consider the disparity between the guidelines' treatment of crack and powder cocaine offenses in reasoning that the punishment for a powder cocaine offense should be higher in order to be closer to that for crack cocaine.  Under some circumstances, a higher sentence for a powder cocaine offense might comport with the district court's statutory directive under 18 U.S.C. § 3553(a) to impose a "sufficient" sentence and might enable the court to avoid unwarranted sentencing disparities, which it is required to consider under § 3553(a)(6).

crack. Even after that verbal clarification, however, it is impossible to tell from the record whether the district court concluded in sentencing Mattox or Bell that "the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes," Kimbrough, 552 U.S. at 111, 128 S.Ct. at 576, and on that basis decided to treat the two crimes as identical. If the district court did reach some kind of a Kimbrough conclusion, there is no explanation in the record for it. Cf. Gall, 552 U.S. at 50, 128 S.Ct. at 597 ("After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.").

Particularly because the deviation from Mattox's guidelines range was substantial (from a 33–41 months guidelines range to an 84-month sentence), more of an explanation of the sentence is required under the facts of this case. See id. (explaining that if the district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one."). Although the district court mentioned some differences between Mattox's and Bell's cases, such as Mattox's criminal

11

history category of VI and Bell's category of IV, in light of the gaps in the explanation we cannot determine whether that actually was the sole basis for the substantial upward variance in Mattox's case or whether the variance was affected by the court overlooking the fact that Mattox's crime involved powder cocaine while Bell's involved crack.

For these reasons, Mattox's sentence is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.