[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11703
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00027-HL-CWH-6


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANTONIO DEWAYNE MATTOX,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 2, 2012)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Santonio Mattox pled guilty to two counts of using a telephone to conspire

to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 843(b), and 846.  He now appeals his eighty-four month sentence as procedurally and substantively unreasonable.  He argues that the district court inadequately explained its upward variance from the recommended Sentencing Guidelines range.  After reviewing the briefs and record, we vacate Mattox's sentence and remand for resentencing.

We review the reasonableness of a defendant's sentence under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  Under an abuse-of-discretion standard, "we will reverse only if we find that the district court has made a clear error of judgment."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).  We must first "ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  We will remand a sentence as procedurally unreasonable if a district court fails to adequately explain its deviation from the Guidelines range in a way that allows for meaningful appellate review.  *United States v. Livesay*, 525 F.3d 1081, 1093–94 (11th Cir. 2008).

Mattox and seven other codefendants were indicted by a grand jury.  Mattox

was charged with (1) conspiracy to distribute cocaine and cocaine base and (2) using a telephone to commit a drug trafficking offense. Initially Mattox pled not guilty. After a plea agreement was reached, he pled guilty to a superseding information that charged him with two counts of using a telephone to conspire to possess cocaine with the intent to distribute.

In November 2009, the district court held Mattox's first sentencing hearing. Although the Guidelines range for each offense was thirty-three to forty-one months, the district court sentenced Mattox to forty-two months for each count to be served consecutively, for a total sentence of eighty-four months. The district court reasoned that the upward variance was necessary because of the need to avoid unwarranted sentence disparities among coconspirators, especially noting coconspirator, Nathaniel Bell's, sentence. Although Bell pled guilty to two counts of using a telephone to commit a drug trafficking offense, Bell stipulated that he was accountable for forty-nine grams of crack cocaine; whereas, Mattox pled only to powder cocaine. Bell was sentenced to seventy-two months, although his suggested Guidelines range was eighty-four to ninety-six months.

Mattox appealed his eighty-four month sentence, and this court vacated it in *United States v. Mattox* (*Mattox I*), 402 F. App'x 507 (11th Cir. 2010) (per curiam). We found two major gaps in the district court's explanation of Mattox's

sentence. First, when the district court stated the need to avoid sentencing disparities between coconspirators as a reason to vary Mattox's sentence upward, the district court did not clearly state that it recognized that Bell's crack cocaine crimes were more serious than Mattox's powder cocaine crimes. *Id.* at 510. Second, the district court varied downward when sentencing Bell but varied upward when sentencing Mattox. *Id.* at 511. We found that the district court did not adequately explain how the differences in sentences between Bell and Mattox accomplished its purpose of avoiding unwarranted sentence disparities. *Id.* Because those gaps amounted to procedural error, we remanded. *Id.* at 512.

In Mattox's second sentencing the Guidelines range remained the same and the district court, again, varied upward to impose a total eighty-four month sentence. When explaining the sentence, the district court abandoned its original reasoning of the need to avoid sentence disparity. Instead the district court claimed that it entered an upward variance because Mattox is a career offender and his plea agreement minimized "the nature of the crimes of which he was initially alleged to be a part."

Although district courts can rely on relevant conduct when sentencing a defendant, when a district court relies on uncharged criminal conduct, the conduct must be proved by a preponderance of the evidence. *See United States v. Lindsey*,

482 F.3d 1285, 1294 (11th Cir. 2007) (citing *United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006)). Here, the only finding the district court made regarding the uncharged conduct was: "His conviction in this case for two counts of the use of a telephone for distribution of cocaine minimizes the nature of the crimes of which he was initially alleged to be a part. His sentence exposure has been greatly reduced on the plea and the stipulation that he entered." The district court did not take the necessary steps and find by a preponderance of the evidence that Mattox committed any of the alleged crimes in the original indictment. Therefore, the district court has not adequately explained its upward variance in a way that permits us to meaningfully review Mattox's sentence. Due to the limited explanation of the district court, we vacate Mattox's sentence and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**