[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12985
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20804-UU-9


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

ANTHONY WILLIAMS,
a.k.a Ant,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 8, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.


PER CURIAM:

On November 4, 2010, a Southern District of Florida grand jury returned an eight-count indictment against Anthony Williams, the appellant, and fourteen others, charging them with conspiring to traffic "Ecstasy," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and related offenses. Williams was charged with two such conspiracies, Counts 6 and 7, and, in Count 8, with possessing a firearm in furtherance of the Count 7 conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A). Williams pled not guilty to these offenses and went to trial.[1] On the third day of trial, Williams pled guilty to the three counts. The district court thereafter sentenced him to concurrent terms of imprisonment of 168 months on Counts 6 and 7, and a consecutive term of 60 months on Count 8, for a total period of confinement of 228 months. Williams now appeals his sentences on Counts 6 and 7 and the length of the sentences combined, 228 months.

Regarding his sentences on Counts 6 and 7, Williams argues that the district court: (1) clearly erred in denying his request for a minor-role reduction of his offense level; (2) clearly erred in applying a four-level enhancement to the base offense level based on its finding that Williams was a leader or organizer of a criminal activity that involved five or more participants or was otherwise

---

[1] Williams was the only defendant who went to trial. Two of the defendants were never arrested and thus were on fugitive status. The Government dismissed the case against a third defendant. The remaining defendants entered pleas of guilty.

extensive; (3) erred in not granting a downward departure of the Guidelines sentence range. Finally, Williams contends that the combined sentences are procedurally and substantively unreasonable.

The following principles govern, in part, our review of Williams's sentences on Counts 6 and 7. We consider the district court's findings of fact under the clear error standard and its legal conclusions *de novo*. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation omitted).

The Government bears the burden of establishing by a preponderance of the evidence any facts necessary to support a sentence enhancement. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999). The defendant's failure to object to allegations of fact in a presentence report ("PSR"), however, admits those facts and relieves the Government of the burden of establishing such facts at sentencing. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

With these principles in mind, we turn to Williams's arguments in the order listed above.

I.

Section 3B1.2(b) of the Guidelines provides that, if the defendant was only a minor participant in the criminal activity, his total offense level is decreased by two levels. U.S.S.G. § 3B1.2(b). A defendant plays a "minor role" where he was "less culpable than most other participants, but whose role could not be described as minimal." *Id.* at. comment. n.5. In making this determination, the district court must consider the defendant's role only in relation to the relevant conduct for which he was held accountable at sentencing. *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (*en banc*). Therefore, where the defendant's relevant conduct is identical to his actual conduct, "he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). In many cases, this analysis will be dispositive. *De Varon*, 175 F.3d at 945.

If necessary, the court may also consider the relative culpability of the defendant, as compared to the other participants who were involved in the defendant's relevant conduct. *Id.* at 944. However, the fact that a defendant is less culpable than the other participants may not entitle him to a minor-role sentence reduction, since it is possible for a scheme to involve no minor participants. *Alvarez-Coria*, 447 F.3d at 1343.

4

While discussing the four-level leader or organizer sentence enhancement and the quantity of drugs attributable to Williams, the court analyzed Williams's role in the offense. Although Williams did not expressly reiterate this particular objection at the sentencing hearing, the court understood that Williams objected to the PSR's characterization of his role in the offense and that, as a result, he desired a reduced guideline sentence range.

The district court did not clearly err in denying a minor-role reduction. Williams was held accountable at sentencing only for the drug activity conducted at the drug hole, not for Levy's larger Ecstasy importation and distribution scheme. The Government presented evidence at trial that Williams directed the operations at the drug hole, and Williams admitted as much during his plea colloquy. Codefendant Jean testified that Williams set the price of the drugs, approved sales on credit, made the deals, contacted the suppliers, and controlled access to the drug hole. Further, Jean testified that he and the other workers at the drug hole merely sold drugs at Williams's direction.

## II.

Section 3B1.1(a) of the Guidelines provides that, if the defendant was an organizer or leader of a criminal enterprise that involved five or more participants or was otherwise extensive, his base offense level is increased by four levels.

5

U.S.S.G. § 3B1.1(a). This enhancement applies where the defendant supervised one or more other participants. *Id.* at comment. n.2; *United States v. Glover*, 179 F.3d 1300, 1302-03 (11th Cir. 1999). In making this determination, the district court should consider (1) the defendant's exercise of decision-making authority, (2) the nature of his participation in the offense, (3) whether he recruited other participants, (4) whether he claimed a larger share of the proceeds, (5) the degree of his participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, (7) and the degree of control and authority that he exercised over others. *Id.* at comment. n.4; *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005).

Here, the district court did not clearly err in applying the four-level enhancement. Williams does not challenge the court's finding that the criminal enterprise involved five or more individuals or was otherwise extensive. Further, Williams conceded below, and admits on appeal, that he ran the drug hole. Jean testified at trial that he and others sold drugs for Williams, who set the prices, did not allow sales on credit without his approval, controlled whom Sears admitted into the drug hole, and paid the sellers a 20% commission.

Additionally, FBI Agent Kreitenstein testified that Williams, during a post-arrest interview, admitted that he bought and sold Ecstasy. Agent Kreitenstein

also testified that the investigation revealed that Williams directed Jean and codefendants Roberson and Sears, and that Sears, in at least one intercepted conversation, asked Williams for permission to sell drugs. Relatedly, Williams did not object to, and has therefore admitted, the PSR's assertion that Sears occasionally sold drugs and gave the proceeds to Williams or, at his direction, to either Roberson or Jean. Finally, Williams admitted during his plea colloquy that he directed Roberson and others to bring firearms to the drug hole.

III.

We do not have jurisdiction to review a district court's denial of a downward departure request absent evidence that the district court incorrectly believed that it lacked authority to grant the request. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). When nothing in the record indicates otherwise, we assume that the district court understood that it had the authority to depart downward. *Id.*

Williams does not argue on appeal, and the record does not indicate, that the district court believed that it lacked the authority to grant a departure. Rather, the court expressly entertained Williams's request for a departure and heard arguments from both parties regarding the mitigating effect, if any, of Williams's difficult childhood. The court, apparently having considered Williams's request,

7

denied the departure and explained that Williams, despite his upbringing, still had the capacity to exercise good judgment.

IV.

We review a defendant's total sentence for reasonableness under an abuse of discretion standard. *United States v. Rodriguez*, 628 F.3d 1258, 1262 (11th Cir. 2010). The court imposed a sentence of 60 months on Count 8 and made it consecutive to the sentences on Counts 6 and 7 because it was required by law to do so. Williams argument that the total sentence was unreasonable therefore concerns the concurrent sentences he received on Counts 6 and 7, his argument being that the court should have imposed sentences of less than 168 months.

The Counts 6 and 7 sentences were at the low end of the sentence range, 168 to 210 months, prescribed by the Guidelines. We ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Further, there is generally no unwarranted disparity when a defendant who proceeds to trial receives a higher sentence than cooperating codefendants who pleaded guilty. *United States v. Mateos*, 623 F.3d 1350, 1367 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1540 (2011). Williams, as the party challenging the sentences, bears the burden of demonstrating that the district court abused its discretion by imposing an unreasonable sentence. *United States v.*

*Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1604 (2011).

A review for reasonableness involves a two-part inquiry. *United States v. Saac*, 632 F.3d 1203, 1212 (11th Cir.), *cert. denied,* 132 S.Ct. 139 (2011). First, in reviewing for procedural reasonableness, we ensure that the district court committed "no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (quotation omitted).

Second, in reviewing for substantive reasonableness, we examine the totality of the circumstances and determine whether the sentence achieves the sentencing goals set forth in § 3553(a). *Id.* at 1214. The § 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; and (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct. 18 U.S.C. § 3553(a).

Here, the district court did not abuse its discretion in sentencing Williams to the concurrent terms of 168 months on Counts 6 and 7. The court did not err in

calculating the Guidelines sentence range, as discussed above. The court noted that Williams's range, although lengthy, was warranted because he had operated an armed, dangerous drug hole for three years. The court also found that Williams was responsible for the purchase or sale of 10,000 Ecstasy pills. Prior to sentencing, the court heard arguments from both parties regarding Williams's difficult childhood, and it expressly stated that it considered the Guidelines and the statutory factors, including Williams's background.

Further, Williams, although he eventually pleaded guilty, was the only codefendant who proceeded to trial. Despite this fact, he received a two-level reduction for acceptance of responsibility.

Williams's sentences on Counts 6 and 7 are AFFIRMED. Since they are affirmed it follows that the total sentence of 228 months is also AFFIRMED.

SO ORDERED.