[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11281
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01058-MMH-JRK

ROBERT CRAIG MACLEOD,

Plaintiff-Appellant,

versus

TOM BEXLEY,
in his personal capacity as a Government-official
(Deputy Court Clerk Flagler County, Florida),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 17, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Robert Craig Macleod, proceeding pro se, appeals the sua sponte dismissal of his civil action seeking monetary, injunctive, and declaratory relief for court clerk Tom Bexley's failure to file his 42 U.S.C. § 1983 suit in state court because of his status as a vexatious litigant under Florida law.  On appeal, Macleod contends that the district court erred in applying the *Rooker-Feldman*[1] and *Younger*[2] doctrines because there was no claim that implicated either doctrine.

When a plaintiff makes a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, a court reviewing that motion "shall dismiss the case" if the underlying action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  We review a district court's sua sponte dismissal under this provision de novo, viewing the allegations in the complaint as true.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  We apply the Rule 12(b)(6) standard to dismissals based on a failure to state a claim, *id.*, meaning that dismissal is appropriate if the complaint, on its face, does not

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1986) (precluding lower federal courts from reviewing state court judgments).

[2] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971) (providing that federal courts generally will not interfere with pending state judicial proceedings).

state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).[3]

Although we have generally prohibited sua sponte dismissals in cases where the plaintiff was not given notice of the court's intent to dismiss or an opportunity to amend, *see Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007), reversal is not mandated if amendment of the complaint would be futile because it is frivolous or is patently and irremediably insufficient. *Byrne v. Nezhat*, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S. Ct. 2131 (2008); *see also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). Similarly, under the *Younger* abstention doctrine, federal courts will not interfere with certain state civil proceedings, including "civil proceedings involving certain orders that are uniquely in

---

[3] Although we "hold the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers," this "leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

3

furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

A district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity "when the defense is an obvious bar given the allegations," even if the defendant has not asserted the defense. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005) (per curiam). Although court clerks are not entitled to immunity from claims for equitable relief, they "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).[4]

In the instant case, Macleod sued the Chief Deputy Clerk of the Circuit Court of Flagler County, Florida. That clerk had written him a letter declining to accept a case for filing pursuant to a state court order declaring Macleod a vexatious litigant.[5] That state court order[6] prohibited Macleod from pro se

---

[4] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit).

[5] *See* Doc. 13-2 (clerk's letter).

[6] Macleod did not file the state court order in the instant case. The magistrate judge posited that this was an attempt to "evade dismissal under [the *Rooker-Feldman* or *Younger*] doctrines by omitting specific references to the state court vexatious-litigant order." Doc. 14 at 6. However, the magistrate judge took judicial notice of the order, which Macleod had filed as an exhibit in at least one of numerous prior federal district court actions. *Id.*at 5–6. This was not improper. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007); *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *United States v.*

4

appearances and barred him from making additional pro se filings. Although couched in different terms, Macleod essentially asks the federal courts to review the state court order. We will not do so, and, after de novo review, we find no error in the district court's refusal to do so.

Under the *Rooker-Feldman* doctrine, the district court did not have jurisdiction to consider Macleod's complaint because it falls into the class of "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284, 125 S. Ct. at 1521–22. Similarly, Macleod's claim involves an order "uniquely in furtherance of the state courts' ability to perform their judicial functions," and it is thus barred by the *Younger* abstention doctrine. *Sprint Commc'ns*, 134 S. Ct. at 588. Insofar as Macleod claims monetary damages, the clerk is entitled to absolute immunity because he declined to file Macleod's pleading pursuant to a court order. *See Tarter*, 646 F.2d at 1013. And although the district court did not give Macleod an opportunity to amend his pleadings, reversal is not mandated because amendment would be futile, as the complaint is patently and irremediably insufficient. *See Byrne*, 261 F.3d at 1127 n.99.

---

*Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The state court order is available at Appendix 3, *Macleod v. Bexley*, No. 3:16-cv-00464-MMH-JRK (M.D. Fla. Aug. 1, 2016), ECF No. 17-3.

**AFFIRMED.**